UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **NOSAKHARE AGBONZE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 24-CV-0582-CVE-MTS |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| **ANGELA EASTER,** | ) | |
| **OSAGE COUNTY DISTRICT ATTORNEY,** | ) | |
| **TULSA POLICE DEPARTMENT, and** | ) | |
| **OSAGE COUNTY JAIL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are plaintiff's pro se complaint (Dkt. # 1) and motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

On December 2, 2024, plaintiff filed a complaint using a pre-printed pro se complaint form (ProSe-05) alleging claims under 42 U.S.C. § 1983. Dkt. # 1, at 6. Plaintiff alleges that "I was falsely [a]ccused and tri[ed for] a crime that did not happen." Id. at 8. His claims stem from this alleged false accusation, and he enumerates his claims as follows:

> [1] Slander: T[he] charge was false; I never raped Angela Easter.
> [2] Libel: T[he] charge led to being redic[u]led and hated on.
> [3] Assault: While incarcerated, I was assaulted by other inmate[]s because of the charge - insulted and threatened.
> [4] [B]attery: While incarcerated, I was injured by jail staff.
> [5] Malicious Prosecution: case was tri[ed] and ruled a mistrial due to state's own fault; in order to secure a conviction[,] prosecutor did not act in good faith by offering a deal on a possession of vehicle when the statu[t]e of limitation had expired.
> [6] False Imprisonment: Held for 18 months at [O]sage [C]ounty. [Twenty-two] month[]s from when I turned myself in at El-Paso County, Colorado Springs, Colorado.
> [7] Defamation of Character: on trial the prosecutor was giving narrative[]s without any evidence or truth to his narrative[]s.

Id. at 9-10. Plaintiff claims that the "whole case was a lie" and, "on April 5[], 2006[,] I was not with Angela Easter." Id. at 8, 9. He alleges that the "false allegation and imprisonment led to being beaten up, insulted, threatened, loss of job opportunities, ridiculed, [] attempts on my life, loss of money[,] loss of time[, and] character defamed[,]" and that he suffered "verbal and written insults, bashing, [and] name calling." Id. at 7, 8. Further, he claims that he was verbally and physically assaulted by jail staff and inmates, traumatized, and treated by a jail nurse. Id. at 11. In response to the form's prompt requesting plaintiff to "explain how each defendant acted under color of state or local law[,]" plaintiff pleads "false allegation, falsification of evidence, [and] false statements." Id. at 6. Plaintiff states that the events giving rise to his claims occurred between November 2016 and February 2019 within the State of Oklahoma and seeks $25 million in relief. Id. at 8, 11.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's

allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint in which he attempts to allege § 1983 claims against defendants based on events that occurred between November 2016 and February 2019. Dkt. # 1, at 6, 8. "Congress did not provide a statute of limitations for actions brought under § 1983." Herrera v. City of Espanola, 32 F.4th 980, 989 (10th Cir. 2022). Rather, a federal district court "looks to the law of the forum state to determine the applicable statute of limitations . . . ." Id. The Tenth Circuit has determined that Oklahoma's two-year statute of limitations for personal injury actions applies to § 1983 claims. Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988),

abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760 (10th Cir. 2013). For § 1983 claims, the statute of limitations accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of the action,' or 'when the plaintiff's right to resort to federal court was perfected.'" Herrera, 32 F.4th at 990 (internal citations omitted) (quoting Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998), and Bergman v. United States, 751 F.2d 314, 316 (10th Cir. 1984)). Plaintiff does not specifically allege which events transpired between November 2016 and February 2019. However, the Court infers that plaintiff's alleged charge, trial, and incarceration occurred during this period, and, thus, plaintiff's causes of action accrued, at the latest, in February 2019. Plaintiff does not allege a factual basis for tolling the statute. Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("[P]laintiff has the burden of establishing a factual basis for tolling the statute."). Thus, the two-year statute of limitations bars plaintiff's claims. As plaintiff fails to state a claim upon which relief can be granted, his claims should be dismissed pursuant to § 1915(e).[1] See Cash v. City of Durant, No. 23-7033, 2024 WL 1573947, *3 (10th Cir. Apr. 11, 2024) (unpublished)[2] (explaining that, "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for

---

[1] Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law" of the United States. Plaintiff fails to plead which federally protected rights he believes defendants violated, and the Court may not construct a legal theory on plaintiff's behalf. Whitney, 113 F.3d at 1175. Regardless, as the statute of limitations bars plaintiff's claims, the Court need not analyze plaintiff's pleading deficiencies.

[2] While unpublished decisions are non precedential, the Court may cite unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A).

tolling the statute[,]'"' and, "[i]n such a case, a statute of limitations question may be resolved" under Rule 12(b)(6) and § 1915) (quoting <u>Aldrich</u>, 627 F.2d at 1041 n.4).

  **IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim.

  **IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 2) is **granted**.

  **DATED** this 6th day of December, 2024.

                 */s/ Claire V. Eagan*
                 CLAIRE V. EAGAN
                 UNITED STATES DISTRICT JUDGE